IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS EUGENE WATKINS, | ) | 4:07CV3267 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAMPSON CONSTRUCTION COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint on November 30, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his Complaint on November 30, 2007 against one Defendant, Sampson Construction Company. (Filing No. 1 at CM/ECF p. 1.)

Plaintiff alleges that he worked for Defendant as a "laborer" from August 31, 2004 until he was terminated on February 10, 2006. (*Id.* at CM/ECF p. 2.) During his employment, Plaintiff was the only African-American employee and was subjected to various forms of "racial harassment." (*Id.*) In particular, another employee placed a "hangmans' noose" on equipment Plaintiff used and Plaintiff was repeatedly subjected to offensive racist comments. (*Id.*)

Plaintiff complained to his supervisors regarding this "racial harassment." However, each time he complained, he was given "less desirable work sites" such as unheated facilities "in the middle of winter." (*Id.*) Plaintiff alleges that his work performance was rated "excellent" by his supervisors prior to his complaints regarding the racial harassment. (*Id.*)

Plaintiff seeks an order from the court stating that he was "wrongfully terminated." Plaintiff also seeks reinstatement of employment, back pay with interest, and punitive damages of $5,000,000.00. (*Id.* at CM/ECF p. 3.)

### B. Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, where a pro se plaintiff proceeding in forma pauperis does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se

litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

### C. Discussion of Claims

Liberally construed, Plaintiff claims are brought pursuant to Title VII of the Civil Rights Act of 1964. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that he 1) is a member of a protected class; 2) was meeting the legitimate expectations of his employer; 3) suffered an adverse employment action; and 4) circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the

charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party then has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has set forth allegations sufficient to "nudge" his Title VII claims of discrimination across the line from "conceivable to plausible." However, Plaintiff has not filed with the court a copy of his EEOC/NEOC charge or his right-to-sue notice. Therefore, it is unclear whether Plaintiff complied with the required administrative procedures or whether his claim is timely. On the court's own motion, Plaintiff is permitted 30 days to file a copy of his EEOC/NEOC charge and his right-to-sue notice with the court. Summons will not be issued until after receipt of these documents.

## II. APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 3.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days, or until April 10, 2008, in which to file with the court copy of his EEOC charge and right-to-sue letter in accordance with this Memorandum and Order. In the absence of such filings, this matter will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline with the following text: April 10, 2008: Check for filing of EEOC charge and right-to-sue letter.

3. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

4. Plaintiff's request for the appointment of counsel is denied without prejudice to reassertion.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

March 10, 2008.                          BY THE COURT:


                                         s/ Joseph F. Bataillon
                                         Chief United States District Judge